UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY VINCENT YOUNG,

        Petitioner,

v.                                  CASE NO. 03-CV-40319-FL
                                  HONORABLE PAUL V. GADOLA

RAYMOND BOOKER,

        Respondent.
_____/

## **ORDER DENYING PETITIONER'S "MOTION FOR REHEARING"**

On January 9, 2007, this Court issued an order and judgment that denied Petitioner's application for writ of habeas corpus. *See* Opinion and Order Denying the Habeas Corpus Petition and the Petition for Addendum (Jan. 9, 2007); Judgment (Jan. 9, 2007). On January 30, 2006 Petitioner filed a "Motion for Rehearing."

Petitioner Young moves this Court for a rehearing, "pursuant to Federal Rules [of] Civil Procedure 59(b)." Petr.'s Mot., p. 1. Rule 59(b) states, "Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59.[1] In the instant case, Petitioner's motion cites the subsection of Rule 59 that pertains solely to the deadline for filing a motion for a new trial. While there was no trial in this Court, this Court did issue a

---

[1] The Court notes that judgment in the above-entitled case was entered on January 9, 2007, the same day this Court entered its opinion and order denying Petitioner's application for writ of habeas corpus. Consequently, Petitioner had 10 days in which to file a motion to alter or amend judgment pursuant to Rule 59(b),(e). However, Petitioner did not file such a motion until January 30, 2007, approximately three weeks after judgment was entered. Due to this delay, the instant motion to alter or amend judgment is untimely filed and could be denied on this basis alone. Nevertheless, in the present case, considering the facts and Petitioner's *pro se* status, the Court will consider the merits of Petitioner's motion.

judgment denying Petitioner's application for a writ of habeas corpus. Therefore, because the relief requested is unclear, and because Petitioner is proceeding *pro se*, the Court will construe Petitioner's claim as one brought under Rule 59(e), "Motion to Alter or Amend Judgment." This Court considers such a motion as a motion for reconsideration, pursuant to E.D. Mich LR 7.1(g). *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

With respect to a motion for reconsideration, the Court may only grant reconsideration in limited circumstances. To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g) (3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.). The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In the present case, Petitioner has failed to demonstrate a "palpable defect" upon which the Court and the parties have been mislead. *Id.*

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "Motion for Rehearing" [docket entry #66] is **DENIED**.

**SO ORDERED.**

Dated:  August 28, 2007   s/Paul V. Gadola
  HONORABLE PAUL V. GADOLA
  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 28, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                  Raina I. Korbakis                                                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                  Gregory Young                                   .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845